USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
    UNITED STATES OF AMERICA,

                -v-                                    1:18-cr-696-GHW

    FREDDIE MCGRIER,                           ORDER

                               Defendant.
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

The Court understands that the defendant, Freddie McGrier, has refused to appear for the proceeding scheduled for September 10, 2021 in this matter. Accordingly, the proceeding is adjourned *sine die*.

The parties and the probation department are directed to confer and present their respective positions to the Court regarding how best to proceed with this matter. The parties are to consider, among other things, a timeline for any competency proceedings, and the time required for the Bureau of Prisons to complete a competency evaluation. If applicable, the parties are directed to propose a date for any competency hearing in light of those considerations.

The Court observes that six of the nine specifications in Mr. McGrier's amended violation report involve alleged criminal conduct that is the subject of charges currently pending in New York Supreme Court. The charged offenses are serious, including murder in the second degree. The State of New York likely has a significant interest in their prosecution. The Court asks the parties and the probation department to consider whether a hearing with respect to a violation of the conditions of Mr. McGrier's supervised release—particularly the specifications based on the alleged criminal conduct that is the subject of the state charges—should front run the State's prosecution.

Similarly, the Court requests that the parties and the probation department consider whether the other violations included in the report are of such a nature that they should take priority over the State's prosecution of Mr. McGrier at this time. The parties and the probation department may wish to consider whether and to what extent a competency hearing and other proceedings in federal court with respect to these specifications would impact the State's prosecution of Mr. McGrier.

Accordingly, the Court requests that the parties and the probation department consider whether it would be advisable and appropriate to return Mr. McGrier to the primary custody of the State, and to defer further action with respect to the violations of supervised release charged here until a later date—such as after the resolution of the charges against Mr. McGrier in New York state court. The parties should also consider the Court's ability to later consider the revocation of Mr. McGrier's supervised release, particularly in light of 18 U.S.C. § 3624(e) and the Supreme Court's holding in *Mont v. United States*, 139 S. Ct. 1826 (2019). *See* 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."); *Mont*, 139 S. Ct. 1826, 1832 (2019) ("[P]retrial detention later credited as time served for a new conviction is 'imprison[ment] in connection with a conviction' and thus tolls the supervised-release term under § 3624(e)."). If the parties and the probation department believe that such an approach is advisable, they should suggest an appropriate procedural mechanism to implement it. The Court takes no position regarding how best to proceed with respect to the pending asserted violations of the conditions of Mr. McGrier's supervised release, but merely requests that the parties consider all relevant factors in proposing how best to proceed with respect to them in an efficient manner under the circumstances.

The parties are directed to submit a joint letter to the Court setting forth their respective positions regarding how best to proceed with this matter to the Court no later than September 17, 2021.

SO ORDERED.

Dated: September 10, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3