UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                      :

  UNITED STATES OF AMERICA,           :

                                        :

                -v-               :                   1:18-cr-696-GHW

                                        :

  FREDDIE MCGRIER,                 :                ORDER

                                        :

                            Defendant. :
------------------------------------------------------------ X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 10/01/2021

GREGORY H. WOODS, United States District Judge:

        Defendant Freddie McGrier refused to be produced to attend the proceeding scheduled for October 1, 2021 at 12:00 p.m. in this matter. As a result, the Court was unable to conduct the proceeding as ordered.

        The Court has received the parties' September 17, 2021 letter. Dkt. No. 58. It states that "the Government, defense counsel, and the Probation Department agree that the most efficient way to proceed, in light of pending state charges and questions concerning Mr. McGrier's competency, will be to return Mr. McGrier to state custody." The September 17, 2021 letter also makes clear that the parties believe that "retuning" Mr. McGrier to state court would "protect Mr. McGrier's rights to a speedy trial and a resolution of the state charges before the evidence becomes state." And that it "may also be consistent with Mr. McGrier's objection to the Court's authority to conduct a VOSR hearing."

        The parties' letter does not provide a methodology that the Court believes to be valid by which to achieve their desired goal. First, the Court does not understand Mr. McGrier to be in federal custody as a result of a writ from state custody. As a result, the parties' repeated suggestions that the Court "return" Mr. McGrier to state custody do not seem to be apt.

More significantly, the parties' letter seems to be premised on the belief that the Court—rather than the parties, and, in particular, the prosecution—is responsible for making decisions regarding whether and where specifications against Mr. McGrier should proceed.  As the Court made clear in its September 10, 2021 order, the "Court takes no position regarding how best to proceed with respect to the pending asserted violations of the conditions of Mr. McGrier's supervised release . . . ."  Dkt. No. 57 at 2.  Nonetheless, the parties' September 17, 2021 letter concludes that "[i]f the Court determines that Mr. McGrier should be returned to state custody, the assigned Assistant District Attorney will file a writ to produce Mr. McGrier in state court."  The parties seem to be operating under the premise that the Court would make such a determination on its own initiative.

However, the Court does not understand that it has the authority on its own initiative to "determine that Mr. McGrier should be returned to state custody."  Whether the United States and the probation department wish to pursue given specifications against Mr. McGrier appears not to be a question for the Court.  Similarly, whether the State wants to request that Mr. McGrier be placed in its custody for prosecution seems to be a decision for the State, not the Court.  And coordination with the State regarding whether to pursue federal charges as opposed to state charges, and the timing of the pursuit of those charges also seems to be a decision that falls outside of the province of the Court.  In sum, the determination that the parties are suggesting that the Court make does not appear to be one for the Court in the first instance.  If the parties have legal authority that supports the suggestion that the Court make the determination outlined in their letter on its own initiative, the Court invites them to submit that authority to the Court for consideration.  Until the parties have done so, the Court will continue to take no position regarding whether the pending charges should be litigated in this Court or at all, and instead will continue to work to move forward with the case currently before it, as presented by the United States.

The Court's decision not to "determine that Mr. McGrier should be returned to state custody" on its own initiative as suggested in the parties' letter should not be read to prohibit the parties from taking active steps to implement their desired outcome—the deferral of the pending violation of supervised release specifications and the transfer of Mr. McGrier to state custody.  They may wish to take other steps to implement that outcome that do not rely on such a *sua sponte* determination by the Court.  Or they may wish to present a request to the Court that it take action to implement that outcome and support that request with applicable law and facts.  The Court does not take a position regarding whether and when specifications or charges should be pursued against Mr. McGrier.  The Court expects to manage the specifications before it and to respond to proper applications by the parties.

The Court understands that next step in the case before the Court at this time is to order a competency hearing for Mr. McGrier.  The Court requests another joint status letter from the parties no later than October 7, 2021.  That letter should be written by counsel for the United States and should inform the Court if the parties are taking additional steps to implement their desired outcome and whether and to what extent their actions will affect the schedule for the competency proceedings that the Court would otherwise expect to order in this case.  The Court also requests that the United States inform the Court whether it is planning to pursue the specifications as to which the defendant has not yet been arraigned.

SO ORDERED.

Dated:  October 1, 2021
       New York, New York

_____
GREGORY H. WOODS
United States District Judge